(15 Misc. Rep. 20.)

PEOPLE ex rel. EDWARDS v. TAPPAN et al., Commissioners of Park Department.

(Superior Court of New York City, General Term. December 18, 1895.)

1. POLICEMEN—DISMISSAL.
　　The dismissal of a park policeman for leaving his post will be confirmed, though he may have had a valid excuse therefor, if he failed to temporarily resign his duty to another member of the force, as required by a rule of the department, and gives no explanation of his neglect.

2. SAME—REVIEW OF DECISION OF POLICE BOARD.
　　Where there is sufficient evidence to sustain the conviction of a policeman charged with leaving his post, the action of the police board in dismissing him will not be reversed solely because the punishment was, in the judgment of the court, too severe.

Certiorari by George Edwards to review the action of Abraham Tappan and others, constituting the board of park commissioners of the city of New York, in removing relator from the park police force after trial on a charge of having been off post. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Louis J. Grant, for relator.

Francis M. Scott (Terence Farley, of counsel), for respondents.

PER CURIAM. The relator was duly tried and convicted upon a charge of having been off from his post, and thereupon dismissed from the police force of the park department. Upon his trial he admitted that, when found by his superior officer, he was four blocks away from his post, but claimed that he had left his post to attend a call of nature. There was some evidence which cast doubt upon the sincerity of the claim, but, assuming the truth of the relator's statement, he was still guilty of a violation of the rule of the department, which in such a case made it his duty to call on, and temporarily resign his duty to, some other member of the force. No excuse or explanation was given by him why he had not complied with the rule in this particular. The conviction therefore rests upon sufficient evidence, and, that being so, we cannot reverse the proceeding for the sole reason that in our judgment a less severe punishment should have been inflicted. The determination of the board of commissioners must be confirmed, with $50 costs and disbursements.